UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD STANLEY,

    Plaintiff,

v.                        CAUSE NO. 3:20-CV-936-DRL-MGG

DORTHY LIVERS *et al.*,

    Defendants.

## OPINION & ORDER

Donald J. Stanley, a prisoner without a lawyer housed at the Westville Correctional Facility, filed a complaint against three nurses and an unknown doctor because he was not satisfied with the medical care he received for boils. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In the complaint, Mr. Stanley alleges that he submitted a healthcare request form seeking treatment for a boil under his left arm on August 17, 2020. He was seen by Nurse Ellis eight days later, on August 25, 2020. After examining him, the nurse contacted a doctor who ordered a seven-day course of Bactrim, an antibiotic, for his condition. Thereafter, the number of boils increased to six. Mr. Stanley reported this, and in

response, Nurse Ellis indicated that Mr. Stanley would be rechecked on September 3, 2020.

On August 28, 2020, four boils popped. He was sent to see Nurse Rogers. She gave Mr. Stanley bandages and told him that a follow up was scheduled with Nurse Ellis and that he had also been referred to a provider. Nurse Rogers further indicated that she would speak to Nurse Kuiper in urgent care about seeing him.

On August 31, 2020, Mr. Stanley saw Nurse Livers. She said she would look into him being rechecked, though she thought the boils were just due to infected hairs. The next day, Mr. Stanley filed a grievance. On September 14, 2020, he was seen in urgent care by Nurse Kuiper. By this point, the boils were gone, albeit with scars. Mr. Stanley has sued Nurse Dorthy Livers, Doctor Jane/John Doe, Nurse Ellis, and Nurse Rogers.

To establish an Eighth Amendment claim for constitutionally inadequate medical care, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Inmates are "not

entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Moreover, constitutionally adequate care does not require the total alleviation of pain. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("To say the Eighth Amendment requires prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd.").

Here, as alleged, Nurse Livers, Nurse Ellis, and Nurse Rogers may not have provided the best care possible, but there is no indication whatsoever that they were deliberately indifferent to Mr. Stanley's suffering. He was seen eight days after his request and again three days after that. By the time he was seen a third time, the situation had resolved. Perhaps they could have initiated care sooner. Perhaps the follow up should have been more prompt. But even outside the prison context, delays in receiving medical care for non-emergencies are typical. The shortcomings that Mr. Stanley describes are—at worst—negligence. Negligence does not amount to deliberate indifference. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Thus, Mr. Stanley has not stated a claim against any of the nurses he has sued.

As for the doctor, Mr. Stanley has not identified this defendant by name. Unnamed defendants must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Furthermore, Mr. Stanley alleges only

that the doctor ordered an antibiotic for him based on the information Nurse Ellis provided. This does not amount to deliberate indifference.

Though it seems unlikely that Mr. Stanley will be able to state a claim, given the facts presented in his complaint, he will nonetheless be granted an opportunity to amend his complaint if, after reviewing this court's order, he believes that he can plausibly state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If Mr. Stanley decides to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint form Pro Se 14 (INND Rev. 2/20) and send it to Donald J. Stanley;

(2) GRANTS Donald J. Stanley until **January 9, 2021** to file an amended complaint; and

(3) CAUTIONS Donald J. Stanley that, if he does not respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

December 9, 2020    *s/ Damon R. Leichty*
                    Judge, United States District Court